IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON GEOVANNY ORELLANA BERMEO, | )<br>)<br>) |
| Petitioner, | ) |
| v. | ) Case No. 3:25-cv-438<br>) Judge Stephanie L. Haines |
| KRISTI NOEM, *SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY*, et al., | )<br>)<br>)<br>) |
| Respondents. | ) |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Byron Geovanny Orellana Bermeo's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O.") and Preliminary Injunction ("P.I."). ECF No. 7. For the following reasons, the Court will DENY Petitioner's Motion at ECF No. 7.

**I.  Background[1]**

On November 22, 2025, Petitioner filed a Motion for a T.R.O. and P.I. ECF No. 7. Therein, Petitioner requests that this Court: enjoin Respondents from transferring him to a different facility, enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), and order his immediate release. ECF No. 7, p. 7. On November 24, 2025, this Court denied Petitioner's Motion insofar as he sought relief via a T.R.O. and insofar as he sought an injunction from this Court preventing Respondents from transferring him to a different facility. ECF No. 10. However, the Court set a briefing schedule on Petitioner's remaining request that the Court afford him a P.I. enjoining Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2).

On December 1, 2025, Respondents—Secretary Kristi Noem (Secretary of the United States Department of Homeland Security ("DHS")), Pamela Bondi, (Attorney General of the

---

[1] As the Court writes primarily for the parties, it does not provide a recitation of the factual background of the case.

United States), John D. Tsoukari (Director of the Philadelphia Field Office of the United States Immigration and Customs Enforcement ("ICE")), and DHS—filed a Response to Petitioner's Motion. ECF No. 15. Therein, Respondents contend that Petitioner's Motion at ECF No. 7 should be denied. ECF No. 15. Specifically, Respondents set forth that "Petitioner is a noncitizen of the United States who is subject to a final order of removal." ECF No. 15, p. 1. Indeed, Respondents contend that, pursuant to 8 U.S.C. § 1225(b)(1), ECF No. 15-2, p. 2, "Petitioner was deemed inadmissible [under] 8 U.S.C. § 1182(a)(7)(A)(i)(I) and ordered removed on April 20, 2011[;]" therefore, Respondents contend that Petitioner is currently "detained pursuant to a removal order under [8 U.S.C.] § 1231(a)(6)." ECF No. 15, pp. 1, 8. In further support, Respondents filed documentation demonstrating that Petitioner was removed twice pursuant to his April 20, 2011, removal order and that he unlawfully re-entered the country following each removal. ECF Nos. 15-2, 15-3, 15-4, 15-5.

Petitioner did not file a Reply, and the time to do so has expired. The matter is therefore ripe for disposition.

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3)

granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

### III. Discussion

Broadly speaking, 8 U.S.C. § 1225(b)(2) and 8 U.S.C. §§ 1226(a) and (c) apply to aliens who have not received a final order of removal, while 8 U.S.C. § 1231 applies to aliens who have been ordered removed. *Cf. Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (explaining that United States immigration law "authorizes the Government to detain certain aliens already in the country *pending the outcome of removal proceedings* under *§§ 1226(a) and (c)*."); *id.* at 288 ("Aliens who are instead covered by § 1225(b)(2)... *shall be detained for a [removal] proceeding*' if....") (quoting 8 U.S.C. § 1225(b)(2)) (emphasis added) (alterations in original); 8 U.S.C. § 1231 (entitled "Detention and removal of aliens ordered removed"); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (explaining that 8 U.S.C. § 1231 authorizes detention "*[a]fter entry of a final removal order*[.]") (citing 8 U.S.C. §§ 1231(a)(2) and (a)(6)) (emphasis added).

Relative to individuals who have been ordered removed but who have unlawfully re-entered the country, Congress has set forth in 8 U.S.C. § 1231(a)(5) that:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Indeed, the Supreme Court has explained that:

> Title 8 U.S.C. § 1231(a)(5) applies to '*all illegal reentrants*,' and it 'explicitly insulates the removal orders from review,' while also 'generally foreclose[ing] discretionary relief from the terms of the reinstated order.' *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 [] (2006). It does not, however, preclude an alien from pursuing withholding-only relief to prevent DHS from executing his removal to the particular country designated in his reinstated removal order. *Ibid.*, n. 4; *see also* § 1231(b)(3)(A).

*Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021) (emphasis added).

Here, Petitioner requests a P.I. preventing his detention under 8 U.S.C. § 1225(b)(2). ECF No. 7, p. 7. However, Respondents have provided documentation demonstrating that Petitioner: (1) was ordered removed on April 20, 2011, ECF No. 15-2, (2) has twice been removed from the country pursuant to that order, ECF Nos. 15-3, 15-4, and (3) has, upon each removal unlawfully re-entered the country. *See* ECF Nos. 15-3, 15-4, 15-5.[2]

In light of the foregoing, it is the Court's understanding that Petitioner is being detained pursuant to 8 U.S.C. § 1231 rather than § 1225. Therefore, the Court will DENY Petitioner's Motion requesting an injunction preventing Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2) as Petitioner has failed to demonstrate a likelihood of success on the merits relative to any claim predicated on his detention under § 1225. *Transcontinental Gas Pipe Line Co., LLC*, 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

---

[2] The Court notes that Petitioner does not appear to dispute Respondents' assertions as he chose not to file a Reply despite being afforded the opportunity to do so.

An appropriate Order follows:

## ORDER

AND NOW, this 7th day of January 2026, upon due consideration of Petitioner Byron Geovanny Orellana Bermeo's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O.") and Preliminary Injunction ("P.I.") at ECF No. 7 and the record as a whole, IT IS HEREBY ORDERED that Petitioner's Motion at ECF No. 7 is DENIED.

IT IS FURTHER ORDERED that all remaining matters are returned to the assigned Magistrate Judge for consideration in the first instance.

BY THE COURT:

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE